# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

SHERRY A. BANKS,  
    Plaintiff,

vs.

COMMISSIONER OF  
SOCIAL SECURITY,  
    Defendant.

Case No. 1:18-cv-151  
Litkovitz, M.J.

**ORDER**

This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1) (Doc. 29), the Commissioner's opposing memorandum (Doc. 30), and plaintiff's reply in support of the motion (Doc. 31).

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past-due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Gisbrecht*, 535 U.S. at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25

percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746. Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past-due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under § 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit has determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422. *See also Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014).

Here, the fee of $41,709.25 that plaintiff requests falls within the 25% boundary. Thus, the issue is whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. Plaintiff has submitted her counsel's affirmation regarding the fee request (Doc. 29-2 at PAGEID #: 1144-48); copies of the contingency fee agreements she entered into with counsel and under which she agreed to pay a contingency fee of 25% of past-due benefits (Doc. 29-3 at PAGEID #: 1151-53); an itemized billing sheet showing that three attorneys performed a total of 55.8 hours of work on her cases in this Court between August 2014 and November 2019 (*id.* at PAGEID #: 1155-56); and her Notice of Award from the Social Security Administration (*id.* at PAGEID #: 1158-63). Plaintiff's counsel also affirms that, upon receipt of their fee award, they will remit the $9,741.16 already awarded under the Equal Access to Justice Act (EAJA) directly to plaintiff. (*See* Doc. 29-2 at PAGEID #: 1148).

Dividing the $41,709.25 requested by counsel by the 55.8 hours counsel worked on the cases before this Court yields a hypothetical hourly fee of $747.48. In determining whether counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 421-22 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422. As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.
>
> . . . .

3

> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id*.

The Commissioner argues that awarding the full fee at an effective hourly rate of $750.00 would constitute a windfall. (Doc. 30). First, the Commissioner argues that courts in the Southern District of Ohio frequently find that effective hourly rates of $350.00 to $400.00 are sufficient to compensate counsel under § 406(b) and that larger awards would constitute windfalls. The Commissioner relies primarily on the Sixth Circuit's decision in *Lasley*[1] for this argument. In *Lasley*, the Sixth Circuit affirmed the district court's fee reduction to an effective rate of $360.00 per hour where the effective hourly rate requested would have been more than four times the top of the EAJA rate range. 771 F.3d at 310. Relatedly, the Commissioner argues that since *Lasley*, courts in the Southern District of Ohio regularly use the applicable EAJA hourly rate as the standard market rate for § 406(b) fee requests.[2] The Commissioner reasons that the fee plaintiff's counsel seeks here is nearly four times the EAJA rate—approximately $192.00 per hour—and should therefore be deemed a windfall.

---

[1] The Sixth Circuit affirmed the district court's decision, No. 1:10-cv-394, 2013 WL 6147841 (S.D. Ohio Nov. 22, 2013) (Dlott, J.), which in turn had adopted the report and recommendation of Magistrate Judge Bowman, 2013 WL 3900096 (S.D. Ohio July 29, 2013).

[2] The Commissioner cites six cases to support this assertion: *Johnson v.Comm'r*, No. 1:12-cv-590, 2014 WL 7272201, at *2 (S.D. Ohio Dec. 18, 2014) (Spiegel, J.) (approving effective hourly rate of $382.00 as only slightly more than twice the EAJA rate of approximately $180.00); *Santiago v. Comm'r*, No. 1:12-cv-498, 2014 WL 6687130, at *1 (S.D. Ohio Nov. 26, 2014) (Spiegel, J.) (approving effective hourly rate of $386.00 as only slightly more than twice the EAJA rate of approximately $180.00); *Stonitsch v. Astrue*, No. 1:09-cv-593, 2012 WL 5378744, at *1 (S.D. Ohio Oct. 30, 2012) (Spiegel, J.) (reducing "unreasonable" hourly rate from $600.17 to $360.00); *Vaughn v. Astrue*, No. 3:08–cv–377, 2012 WL 3585928, at *1 (S.D. Ohio Aug. 20, 2012) (Merz, M.J.) (approving effective hourly rate of $302.86 as less than the doubling of a "conservative hourly fee of $180"); *Jones v. Astrue*, No. 3:09-cv-80, 2012 WL 3251865, at *3 (S.D. Ohio Aug. 8, 2012) (Merz, M.J.) (recommending the reduction of an effective hourly rate from $750.00 to $360.00), *report and recommendation adopted*, 2012 WL 3763909 (S.D. Ohio Aug. 29, 2012) (Rice, J.); *Edwards v. Comm'r of Soc. Sec.*, No. 1:08-cv-815, 2011 WL 1002186, at *1 (S.D. Ohio Mar. 16, 2011) (Dlott, J.) (approving effective hourly rate of $312.26 as less than twice the EAJA rate of $165.00).

The undersigned recently addressed the Commissioner's similar argument in another case, *Shaw v. Comm'r of Soc. Sec.*, No. 1:16-cv-1133, 2019 WL 5550575 (S. D. Ohio Oct. 28, 2019), *report and recommendation adopted*, 2019 WL 6170822 (S.D. Ohio Nov. 20, 2019) (Barrett, J.):

> Four of the six cases the Commissioner cites were not decided subsequent to *Lasley* but instead pre-date the decision, which was issued in November 2014, by more than two years. The other two decisions were issued very shortly after *Lasley* in 2014, but the Court did not adopt a standard hourly rate for contingent fee awards in either case. *See Santiago v. Comm[']r. of Soc. Sec.*, No. 1:12-cv-00498, 2014 WL 6687130, at *1 (S.D. Ohio Nov. 26, 2014); *Johnson v. Comm[']r. of Soc. Sec.*, No. 1:12-cv-00590, 2014 WL 7272201, at *2 (S.D. Ohio Dec. 18, 2014). The Court acknowledged in each case that the § 406(b) fee request amounted to more than twice the rate the Court had recently been awarding for EAJA petitions; however, the Court found this "does not necessarily render it unreasonable, and we are mindful of the role that contingent fee agreements play 'to assure social security claimants of good representation.'" *Santiago*, 2014 WL 6687130, at *1 (quoting *Hayes*, 923 F.2d at 422); *Johnson*, 2014 WL 7272201, at *2.

*Id.* at *3 n.3.[3] Moreover, in two of the cases cited by the Commissioner, *Edwards* and *Vaugh*, counsel's fee requests were uncontested and within the EAJA range. 2011 WL 1002186, at *1; 2012 WL 3585928, at *1. These six cases therefore shed little light on whether *Lasley* has ushered in the widespread use of EAJA hourly rates as the standard market rate in the Southern District of Ohio.

In addition, as the Commissioner acknowledges, courts in the Southern District of Ohio have approved fees above EAJA rates that exceeded an effective $400.00 hourly rate. *See Pencil v. Astrue*, No. 3:10-cv-394, 2012 WL 4364273, at *2 (S.D. Ohio Sept. 24, 2012) (Black, J.) (effective rate of $546.32 hourly approved for counsel with skill and experience akin to the 75th percentile of Dayton-area attorneys charging in excess of $250.00 hourly); *Hopper v.*

---

[3] The Commissioner cited the same six cases in *Shaw* that are cited herein. *See* Case No. 1:16-cv-1133 (S.D. Ohio Apr. 4, 2019) (Doc. 16 at PAGEID #: 1041-42).

5

*Comm'r of Soc. Sec.*, No. 3:05-cv-115 (S.D. Ohio Jun. 17, 2008) (Doc. 26 at PAGEID #: 179) (Rice, J.) (effective rate of $540.00 hourly approved for counsel with similar experience to area attorneys charging approximately $270.00 hourly ); *Kitchen v. Comm'r of Soc. Sec. Admin.*, No. 3:09-cv-193, 2013 WL 765641, at *2 (S.D. Ohio Feb. 28, 2013) (Ovington, M.J.) (citing *Pencil*, approving hourly rate of $548.60), *report and recommendation adopted*, 2013 WL 1149609 (S.D. Ohio Mar. 19, 2013) (Rice, J.); and *Madura v. Comm'r, Soc. Sec. Admin.*, No. 3:11-cv-118, 2013 WL 1386330, at *2 (S.D. Ohio Apr. 4, 2013) (Black, J.) (citing *Pencil* and *Kitchen*, approving hourly rate of $473.84). In these cases, the plaintiffs demonstrated that their counsel's standard market rate fell on the higher end of the local spectrum. In light of this authority, the Court declines to find that the standard market rate under *Hayes* should be set at the EAJA hourly rate.

The Commissioner also contends that plaintiff has failed to show that counsel's reported hourly rate of $375.00 is reasonable in light of the local market. The only discussion of the standard rate in plaintiff's supporting memorandum is the statement that "[t]he standard rate for Plaintiff's counsel in this case would be no less than $375.00 an hour." (Doc. 29-4 at PAGEID #: 1167).[4] Plaintiff otherwise provides counsel's affirmation of relevant and considerable Social Security law experience. (*See* Doc. 29-2). The Commissioner cites to the 2013 Ohio State Bar Association (OSBA) survey of attorney fees as some evidence of the local market rates, once adjusted for the passage of time.[5] The Commissioner argues that this survey suggests a standard market rate of between $174.00 and $264.00 per hour depending on the particular attorney's

---

[4] The Court assumes that this figure is to apply to all three attorneys, as no other rate is referenced.
[5] This resource is available at https://www.ohiobar.org/globalassets/home/member-benefits/personal-finance/osba_econoflawpracticeohio.pdf (last visited Oct. 1, 2020). The majority of work performed in this case postdates the survey data by several years.

6

experience and practice area, either of which is more in line with the EAJA figure ($192.00 per hour) than with plaintiff's counsel's standard market rate figure ($375.00 per hour).

This Court has found the OSBA study cited by the Commissioner to be satisfactory evidence in determining whether counsel's standard hourly rate is "in line with the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Robinson v. Comm'r of Soc. Sec.*, No. 2:13-cv-1055, 2015 WL 401477, at *3 (S.D. Ohio Jan. 28, 2015) (King, M.J.), *report and recommendation adopted,* 2015 WL 1291146 (S.D. Ohio Mar. 18, 2015) (Sargus, J.). *See also Lee v. Comm'r,* No. 3:14-cv-291, 2018 WL 2999909, at *4 (S.D. Ohio June 15, 2018) (Rice, J.); *Buttrey v. Astrue*, No. 1:11-cv-357, 2016 WL 212960, at *3 (S.D. Ohio Jan. 19, 2016) (Barrett, J.); *Pencil*, 2012 WL 4364273, at *2. *But see Ringel v. Comm'r of Soc. Sec.*, 295 F. Supp. 3d 816, 830 (S.D. Ohio 2018) (Bowman, M.J.) (rejecting plaintiff's proffer of 2004 survey of average rates in the downtown Cincinnati area and the OSBA survey as evidence of a "standard rate" of more than $200.00 per hour for social security attorneys in favor of an EAJA-based "standard rate," in the absence of evidence of counsel's normal billing rate for comparable, noncontingent work). The OSBA survey reflects 2012 hourly billing rates ranging from $325 at the 75th percentile to $350 at the 95th percentile with a median rate of $250 for social security attorneys. Given the several years of inflation that have elapsed between when the OSBA conducted the survey and when counsel performed their work (2014-2019), the Court determines that counsel's stated hourly rate of $375 falls within the range of fees in the local market and is an appropriate guide for the *Hayes* analysis. The requested fee of $41,709.25 yields an effective hourly rate of $747.48. As the hypothetical hourly rate is less than twice counsel's standard rate, it is *per se* reasonable under *Hayes*.

Even if it were not, the Court does not believe that the balance of the windfall analysis cuts in favor of the Commissioner. First, many courts in the Southern District of Ohio have approved effective hourly rates close to or exceeding $700.00 in comparable cases. *See, e.g., Martin v. Comm'r of Soc. Sec.,* No. 3:13-cv-336, 2017 WL 443137, at *2 (S.D. Ohio Feb. 2, 2017) (Newman, M.J.) ($13,250.00 fee and effective hourly rate of $690.10 for 19.2 hours of work approved based on evidence of counsel's extensive experience in social security disability matters, the excellent result counsel achieved for the plaintiff, counsel's efficient handling of the matter, and the fact that plaintiff agreed to the contingency fee), *adopted sub nom. Martin v. Berryhill,* 2017 WL 680646 (S.D. Ohio Feb. 21, 2017) (Rose. J); *Meyer v. Comm'r,* No. 1:15-cv-207 (S.D. Ohio Oct. 31, 2016) (Doc. 26) (Barrett, J.) ($16,412.25 fee and effective hourly rate of $702.87 approved); *Havens v. Comm'r of Soc. Sec.,* No. 2:12-cv-637, 2014 WL 5308595, at *2 (S.D. Ohio Oct. 16, 2014) (Kemp, M.J.) ($20,422.00 fee and effective hourly rate of $825.13 for 24.75 hours of work requested, and $18,562.50 and effective hourly rate of $750.00 approved, where counsel handled the matter with expertise and efficiency, and counsel voluntarily limited the fee request; effective rate of three times counsel's standard rate ($250.00 per hour) held warranted under those circumstances), *report and recommendation adopted*, 2014 WL 6606342 (S.D. Ohio Nov. 20, 2014) (Smith, J.); and *Pickett v. Astrue,* No. 3:10-cv-177, 2012 WL 1806136, at *2 (S.D. Ohio May 17, 2012) (Black, J.) ($19,315.50 fee and effective hourly rate of $709.00 for 27.25 hours of work approved where hourly rate was over four times counsel's standard rate, but work resulted in a significant award for client).[6] Thus, an award of fees with an effective hourly rate of $747.48 is not without precedent.

---

[6] The undersigned has also approved similarly high effectively hourly rates. *See, e.g., Shaw*, 2019 WL 5550575, at *3-5 ($15,050.00 fee with effective hourly rate of $700.00 for 21.5 hours awarded where plaintiff's counsel had submitted documentation of a standard rate of $350.00 per hour; that rate fell within the range of OSBA survey results; and plaintiff's counsel had reduced his fee, not unduly delayed, and achieved an excellent result in a

8

Second, the other factors guiding the Court's reasonableness inquiry show an award of the requested fees would not amount to a windfall. The Court considers whether an award would amount to a windfall "because of either an inordinately large benefit . . . or from minimal effort expended." *Rodriquez*, 865 F.2d at 746. The Commissioner argues that several factors suggest a windfall in this case: the eight years of administrative and/or judicial delay, the straightforward nature of the case, and the fact that counsel did not discount plaintiff's fee. Plaintiff argues that only attorneys (versus paralegals) worked on her case, the case involved significant difficulty and risk, and her counsel's representation was beyond reproach, all of which suggest the reasonableness of the requested fee.

The Court finds the atypical nature of the case at bar militates against finding a windfall. While the number of hours counsel devoted to this case falls outside the normal range, this is attributable to the fact that plaintiff's award required two appeals to this Court. (*See* Case Nos.

---

complex (fibromyalgia) case), *report and recommendation adopted*, 2019 WL 6170822 (S.D. Ohio Nov. 20, 2019) (Barrett, J.); *Miles v. Comm'r of Soc. Sec.*, No. 1:16-cv-440, 2019 WL 5485220, at *3 (S.D. Ohio Oct. 25, 2019) ($9,285.87 award with effective rate of $714.29 per hour for 13 hours of work approved where plaintiff's counsel did not delay and achieved an excellent result, even where plaintiff's counsel did not provide a standard market rate and had moved for EAJA fees based on a rate of only $170.00 per hour), *report and recommendation adopted*, 2019 WL 6131268 (S.D. Ohio Nov. 19, 2019) (Dlott, J.); *Norris v. Comm'r of Soc. Sec.*, No. 1:17-cv-587, 2019 WL 5456807, at *3-4 (S.D. Ohio Oct. 24, 2019) ($15,225.00 and effective hourly rate of $700.00 for 21.75 hours of work approved where asserted standard hourly rate of $350.00 was within range of OSBA survey results, and plaintiff's counsel did not unduly delay the case and achieved an excellent result including a remand for an immediate award of benefits); *Scott v. Comm'r of Soc. Sec.*, No. 1:16-cv-697, 2018 WL 4109412, at *3-4 (S.D. Ohio Aug. 29, 2018) ($14,953.00 fee with effective hourly rate of $640.39 for 23.35 hours of work approved where hourly rate fell within range of OSBA survey results, plaintiff affirmatively endorsed the fee, and plaintiff's counsel did not delay and achieved an excellent result), *report and recommendation adopted*, 2018 WL 4690785 (S.D. Ohio Sept. 28, 2018) (Dlott, J.); *Watkins v. Comm'r of Soc. Sec.*, No. 1:14-cv-514, 2016 WL 590471 (S.D. Ohio Feb. 11, 2016) ($20,724.50 fee and effective rate of $552.65 for 37.5 hours of work approved where asserted standard hourly rate of $350.00 was not contested and fell within OSBA ranges, and plaintiff's counsel did not delay the case in any way), *report and recommendation adopted*, 2016 WL 814633 (S.D. Ohio Mar. 2, 2016) (Barrett, J.); *Jodrey v. Comm'r of Soc. Sec.,* No. 1:12-cv-725, 2015 WL 799770, at *3 (S.D. Ohio Feb. 25, 2015) ($14,350.00 fee with effective hourly rate of $700.00 for 20.5 hours of work approved where rate was nearly four times counsel's normal hourly rate, but counsel requested less than full 25% of past-due benefits ), *report and recommendation adopted,* 2015 WL 1285890 (S.D. Ohio Mar. 19, 2015) (Barrett, J.); *Beck v. Comm'r of Soc. Sec.*, No. 1:10-cv-398, 2013 WL 6410589 (S.D. Ohio Dec. 9, 2013) ($30,000.00 fee with an effective hourly rate of $1,276.60 for 23.5 hours of work appropriate where plaintiff's counsel reduced the fee, plaintiff submitted a letter endorsing the fee, there was no impropriety or delay on the part of plaintiff's counsel, and the case presented legal and factual challenges), *report and recommendation adopted*, No. C-1-10-398, 2014 WL 287268 (S.D. Ohio Jan. 24, 2014) (Weber, J.).

14-cv-691 and 18-cv-151). *See also Ringel*, 295 F. Supp. 3d at 836-37 (noting that attorneys ordinarily bill between 10 and 40 hours on a social security case). In the first case, the undersigned recommended remand because "[t]he ALJ erred in weighing the opinion evidence from plaintiff's treating physician" on plaintiff's fibromyalgia. (Case No. 14-cv-691, Doc. 11 at PAGEID #: 441). In the second case (following remand), plaintiff argued that the ALJ had again failed to properly weigh her treating physician's opinion. (*See* Case No. 18-cv-151, Doc. 8 at PAGEID #: 1045). The Commissioner sought two extensions to respond to plaintiff's Statement of Errors before filing a "truncated" motion for voluntary remand. (*See id.*, Docs. 10, 12, and 22 at PAGEID #: 1095). Plaintiff contested the Commissioner's motion and was granted leave to file a surreply after the Commissioner conceded in reply that the ALJ's decision was, again, fatally flawed. (*See id.* at Docs. 14-19). The Court denied the remand motion and ordered further briefing on whether remand for an immediate award of benefits was warranted. (*See id.* at Docs. 22-24). The Court ultimately reversed for an immediate award of benefits because the ALJ had "declin[ed] to give [plaintiff's long-time treating physician] controlling or even deferential weight . . . contrary to the controlling authority in [the Sixth Circuit]" and the fully developed record demonstrated strong proof of disability. (*See id.*, Doc. 25 at PAGEID #: 1131, 1134). The Commissioner's actions at the administrative and judicial levels directly contributed to the unusually high number of hours recorded in this case. *See Madura*, 2013 WL 1386330, at *2 (finding Commissioner's delay argument "disingenuous given the role of delay that the Commissioner played in this case" by repeatedly denying plaintiff's claim and moving for extensions at the judicial level). *But see Ringel*, 295 F. Supp. 3d at 835 (finding that counsel, as opposed to the disabled claimant, should bear the risk of lengthy administrative and judicial delays—even those for which counsel was not responsible).

In sum, counsel achieved an excellent result in this case by obtaining a reversal for an immediate award of benefits, which included past due benefits in the amount of $142,534.35 to be paid for the period of January 2012 through May 2020.  (*See* Doc. 29-3).  The delay in plaintiff's award was in no part attributable to counsel; rather, counsel's performance avoided even further delay from a remand for rehearing.  Plaintiff voluntarily entered into the contingency fee agreement with counsel and counsel assumed the risk of non-payment.  Further, the Court does not find that this was a straightforward matter in terms of substance or procedure.  First, this Court has recognized that "fibromyalgia and credibility . . . tend to be more complex than a number of issues frequently addressed in disability appeals."  *Shaw*, 2019 WL 5550575, at *5.  Second, plaintiff was required to contest the Commissioner's abbreviated, delayed request for remand and file an additional brief regarding the appropriate administrative procedure given the ALJ's persistent error in her case.  On this record, the Court determines that the award sought, even if it were not *per se* reasonable, is not a windfall.  To the extent that an EAJA fee of $9,741.16 has already been paid to counsel, counsel must remit this amount to plaintiff.

The Court therefore **GRANTS** plaintiff's § 406(b) motion for attorney fees and counsel is hereby **AWARDED** attorney fees in the amount of $41,709.25 under 42 U.S.C. § 406(b)(1)(A).  Plaintiff's counsel is further **ORDERED** to remit $9,741.16 of this sum directly to plaintiff upon receipt.

Date:  10/9/2020

Karen L. Litkovitz
United States Magistrate Judge